UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM WILLIAMSON, | ) | 3:13CV1557 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE PATRICIA GAUGHAN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| CHRISTOPHER LaROSE, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner William Williamson ("Williamson") has filed a petition through counsel for a writ of habeas corpus, arising out of his 1994 conviction for felonious assault and unlawful possession of dangerous ordnance, in the Montgomery County (Ohio) Court of Common Pleas, and the subsequent revocation of his parole. (Doc. 1.) In his petition, Williamson raises a single ground for relief: "Petitioner William Williamson was returned to prison for an invalid parole violation." (Doc. 1, § 12.)

The respondent has filed a motion to dismiss. (Doc. 4.) Williamson has filed no opposition to the motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

This court previously ruled on a petition for a writ of habeas corpus filed by Williamson on Jan. 31, 2012. (Doc. 4, RX 4, petition.) The court set forth the following factual and procedural background as to that petition:

> Williamson was convicted in Montgomery County, Ohio in 1994 for shooting Tony Reynolds with a sawed-off shot gun in the course of an argument. He was found guilty on two counts of felonious assault and unlawful possession of a dangerous ordinance [*sic*]. He was sentenced to eight years actual incarceration to fifteen years incarceration on each count of felonious assault and three to five years on the dangerous ordinance [*sic*] charge. All sentences were ordered to be served consecutively. In addition, the trial court merged all of the firearm specifications and imposed an additional three year term of actual incarceration, to be served consecutive to the other sentences. See State v. Williamson, No. 14947, 1996 WL 132190 (Ohio App. 2 Dist. Mar.8, 1996).
>
> Williamson was paroled in 2010. Just days after his release, on November 4, 2010, Dayton, Ohio police received a report that Williamson was engaging in lewd behavior. An officer arrived on the scene to discover Williamson in a state of undress engaging in a sexual act. He became aggressive when police attempted to apprehend him and fought with the officers. Once he was in police custody, he was taken to Grandview Hospital for a 72 hour psychiatric evaluation. His treating physician diagnosed Williamson with a transient psychotic disorder, possibly secondary substance induced. Although the Dayton Police Department Incident Report lists the arresting charges as public indecency, criminal damaging or endangering, inducing panic, and resisting arrest, it does not appear that formal charges against him were pursued.
>
> Instead, Williamson was charged with a technical parole violation for attempting to cause harm to a police officer, resisting lawful arrest, and threatening to kill the police officer. He was given notice of the alleged parole violations on November 16, 2010 and a hearing was scheduled for December 16, 2010. Williamson requested the appointment of counsel and Public Defender Spencer Cahoon was appointed to represent him. The hearing was conducted as scheduled

on December 16, 2010 and the Ohio Adult Parole Authority decided to revoke his parole.  His next parole hearing date is scheduled for November 2012.

Williamson's attorney filed an appeal of the decision to the Ohio Adult Parole Authority Chief Hearing Officer on December 27, 2010.  The Chief Hearing Officer found no prejudicial or case dispositive error in the decision of the hearing officer, and the result was permitted to stand.

Thereafter, Williamson filed this Petition for a Writ of Habeas Corpus.  He asserts four grounds for relief:

> 1.  I was pink slipped into hospital, due to transient psychotic disorder, treated & released (Nov. 4, 2010).  I was given 2 antipsychotic drugs made stable (recommended 72 hour-evaluation).  My parole officer charged w/resisting arrest but there is no such record of a resisting arrest, or any other crime-ordinance or otherwise.
>
> 2.  There is no booking information available on any crime or charges however my parole officer used a false document to make hearing officer believe I was arrested by local police when I don't even have no charges stemming from Nov. 4, 2010.
>
> 3.  The symptoms of the psychotic disorder is what my violations have been on.  If I would have knowingly resisted arrest officer would have been duty bound to arrest me.  I was released from hospital (hours later/same day) where I returned back to the halfway house without any incident.  There is no booking info available for the 4th Nov. 2010.  I was never detained or arrested.
>
> 4.  A.P.A. said I had 4 crimes/charges pending, but there is no such record of any charges being dismissed (or otherwise).  There is only verifiable evidence of a crisis, no crime ever occurred therefore, I shouldn't be incarcerated.  A.P.A. didn't use accurate knowledge of evidence to determine the fact of a crisis and not a crime.  I was pink-slipped into the E.R. by the police office but never arrested or detained.

(Doc. 4, RX 5, at 1-3; *Williamson v. Sheldon*, No. 3:12CV227, 2012 WL 2412081, at *1-*2 (N.D. Ohio June 26, 2012).)

The court denied his petition, finding that the decision of the parole board was not contrary to, nor an unreasonable application of, clearly established federal law.  (Doc. 4, RX 5, at 6; *Williamson*, 2012 WL 2412081, at  *4.)  The court also found that the determination of the parole board was not objectively unreasonable in light of the evidence presented in the state proceeding.  (Doc. 4, RX 5, at 6-7; *Williamson*, 2012 WL 2412081, at *4.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable

4

> facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

### III. MOTION TO DISMISS

The respondent argues that the present petition constitutes a second or successive petition, and that the petition should be dismissed or transferred to the Sixth Circuit. (Doc. 4, at 5.)

The habeas statute has several provisions relevant to this issue. 28 U.S.C.A. § 2244(b). However, Section 2244's "gatekeeping provisions" apply only to a "second or successive petition" within the meaning of the statute. *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).

5

The Supreme Court has recognized that the:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

*Tyler v. Cain*, 533 U.S. 656, 661-662 (2001).

The first issue, then, is whether Williamson's current petition should be considered a "second or successive petition." The phrase is not defined in the statute, and courts have rejected a literal reading. *James*, 308 F.3d at 167. Not every subsequent petition for habeas corpus is considered a "second or successive petition" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 487 (2000), and other cases); *James*, 308 F.3d at 167 (citing cases).

However, where a petitioner raises claims which were already brought in a prior habeas petition, the court must construe his second-in-time petition as "successive." *Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012) (citing cases); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

In order to file a "second or successive" habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the

6

district court to consider the application. *Magwood v. Patterson*, 130 S.Ct. 2788, 2796 (2010); *Tyler*, 533 U.S. at 660 n.2 (citing 28 U.S.C. § 2244(b)(3)(A)); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007); *In re Siggers*, 132 F.3d 333, 335 (6th Cir. 1997).

The Sixth Circuit had previously found that, if a petition filed in this court is considered a "second" or successive petition, the district court should transfer the petition to the Sixth Circuit Court of Appeals for its consideration. *In re Sims*, 111 F.3d 45, 46-47 (6th Cir. 1997) (per curiam); *Marsch*, 2006 WL 3780362, at *1. The movant would then have to satisfy the requirements of 28 U.S.C. § 2244(b)(1) and (2) before proceeding further. *Siggers*, 132 F.3d at 337-339.

In *Magwood v. Patterson*, however, the Supreme Court stated that, "if [the petitioner's] application was 'second or successive,' the District Court *should have dismissed it* in its entirety because he failed to obtain the requisite authorization from the Court of Appeals." *Magwood*, 130 S.Ct. at 2796 (emphasis added); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) (vacating judgment of court of appeals, and directing district court "to dismiss the habeas petition for lack of jurisdiction"). The *Magwood* Court also noted that, if the application is not "second or successive," it is not subject to Section 2244(b) at all, and the petitioner's claim would be reviewable (absent procedural default). *Magwood*, 130 S.Ct. at 2796. The *Magwood* decision concerned a challenge to a new judgment of sentencing, and

7

found the petition was not "second or successive" under § 2244(b).  *Magwood*, 130 S.Ct. at 2803.

In contrast, Williamson's petition here raises a claim which was already brought in his prior habeas petition.  *See generally Adams*, 679 F.3d at 322; *McNabb*, 576 F.3d at 1029.  Williamson argues (again) that, although he was never charged with a crime as a result of the Nov. 4, 2010, arrest, he received a parole violation and was returned to prison.  (Doc. 1, § 12.)  This is the same argument he presented in his 2012 petition, which was denied by this court.  *See generally* doc. 4, RX 5; *Williamson*, 2012 WL 2412081.  The Supreme Court has instructed that:  " If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases."  *Tyler,* 533 U.S. at 661-662 (citing 28 U.S.C. § 2244(b)(1)).  The respondent's motion to dismiss (doc. 4) should be granted.

## IV. RECOMMENDATION

It is recommended that the respondent's motion to dismiss (doc. 4) be granted.

Dated:  Oct. 22, 2013                    /s/ Kenneth S. McHargh
                                                            Kenneth S. McHargh
                                                            United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).