**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| William Williamson, | ) | CASE NO. 3:13 CV 1557 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Christopher LaRose, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 5) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is modified and the Petition is dismissed.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

1

recommendation."

## Discussion

The Magistrate Judge determined that this Petition must be dismissed because petitioner previously raised the same ground for relief in a prior petition which had been rejected. On July 18, 2013, petitioner filed this Petition setting forth one ground for relief which states that he "was returned to prison for a [sic] invalid parole violation." Facts supporting the ground for relief explain that petitioner had been released from prison in 2010 and following an altercation with the police, was returned to prison on a parole violation. The last sentence of the supporting facts states, "On December 12, 2012, the Adult Parole Board order[ed] Petitioner Williamson to continue to Max which is in 2017."

Petitioner filed a previous Petition on January 31, 2012, challenging the 2010 decision of the Ohio Adult Parole Authority to revoke his parole. On June 26, 2012, United States District Judge Aaron Polster denied the Petition, finding that the parole board's decision was neither contrary to clearly established federal law nor objectively unreasonable. Judge Polster noted in his decision that petitioner's next parole hearing date was scheduled for November 2012. Case No. 3:12 CV 227.

Petitioner subsequently filed this second Petition, setting forth the claim explained above. Respondent filed a motion to dismiss arguing that because petitioner is again challenging the parole revocation proceedings, his Petition must be dismissed or transferred to the Sixth Circuit as a successive petition. Although petitioner is represented by counsel, he did not oppose the motion to dismiss. Accordingly, the Magistrate Judge agreed with respondent that petitioner was raising a claim previously brought and rejected, namely, that he was never charged with a crime

as a result of his 2010 arrest but received a parole violation and returned to prison.

Petitioner filed Objections to the Report and Recommendation. Although not clearly expressed, petitioner maintains that his current Petition challenges the December 2012 decision of the Ohio Adult Parole Board to continue petitioner's sentence to its original maximum expiration date of 2017. This issue was raised in the last sentence of the supporting facts for Petitioner's one ground for relief. The Magistrate Judge properly interpreted what was before him, i.e., a ground for relief entitled, "Petitioner William Williamson was returned to prison for a [sic] invalid parole violation." Because petitioner failed to oppose the motion to dismiss, he first raises in his Objections that his claim is based on the 2012 parole board decision. Nevertheless, petitioner offers no facts other than those presented in his original petition and this second Petition to support this new assertion. Therefore, dismissal is warranted for the reasons stated by the Magistrate Judge.

**Conclusion**

Accordingly, the Report and Recommendation is modified and the Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/19/13